REIDUN STRØMSHEIM # 104938
STROMSHEIM & ASSOCIATES
201 California Street, Suite 350
San Francisco, California 94111
Telephone: (415) 989-4100
Fax: (415) 989-2235
rstromsheim@stromsheim.com

Attorneys for Trustee,
LOIS I. BRADY

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re: | Case No.09-48820 TD |
|---|---|
| KEVIN FRANCIS CIRESI<br>aka Kevin F. Ciresi, M.D.<br>SSN xxx xx 9962 | Chapter 7 |
| Debtor | |

<u>MOTION TO SELL REAL PROPERTY, SUBJECT TO OVERBIDS</u>
(2210 Hidden Oak Drive, Danville, CA 94506)

TO THE HONORABLE JUDGE LESLIE TCHAIKOVSKY, UNITED STATES BANKRUPTCY JUDGE:

NOTICE IS HEREBY GIVEN THAT Lois I. Brady ("Trustee"), trustee of the above referenced bankruptcy estate, will and hereby respectfully requests that an order be entered approving the sale of the real property located at 2210 Hidden Oak Drive, Danville, CA (the "Property") to Gary G. Vujovich and Jennifer M. Vujovich, husband and wife (the "Buyers") for the sum of $1.2 million, "As Is, Where Is" "With All Faults", or to such higher or better offeror as the Trustee may accept.

In support of the motion, the Trustee represents as follows:

1. An Order for relief under Chapter 7 of Title 11 of the United States Code was entered herein pursuant to a voluntary petition filed by the Debtor on September 21, 2009, and Lois I. Brady is the duly appointed, qualified and acting trustee of the Debtor's estate.

2. Among the assets of the estate is the Debtor's residence, which has been listed for

sale by the Trustee, through Mick McLaughlin at REMAX/ACCORD realtors. Title to the Property is held by the Debtor and his wife, in community property.

3. The Trustee obtained and accepted an offer for the Property from the Buyers, and a true and correct copy of the fully executed offer is attached as Exhibit "A" to the Declaration of Reidun Stromsheim ("Stromsheim Declaration") filed herewith. The Trustee requests that the purchase and sale agreement and related documents or instruments may be modified, amended or supplement by the parties without further order of the court, provided that such modification, amendment or supplement does not have a material adverse effect on the estate.

4 The offer is subject to overbids, which will be held prior to the issuance of an order approving the sale. The notice of sale, with the terms of the overbids, was served on February 18, 2010. The minimum initial overbid will be not less than $1,230,000. Any person wishing to overbid must deliver to the Trustee's real estate broker, Mitch McLaughlin located at REMAX/ACCORD Realtors, 3390 Mt. Diablo Blvd., Lafayette, CA 94549 phone (925) 299-4606, no later than 5:00 p.m. on Tuesday, March 9, 2010, a written offer to purchase the property for at least the initial overbid amount, on the above terms, together with 1) a cashier's check in the amount of 10% of the purchase price as a good faith deposit, and 2) proof of the ability to close escrow in 15 days after the signing of the sales agreement.

5 In the event there is at least one overbid, a sale will be conducted at REMAX/ACCORD at the address set forth above, on Wednesday, March 10, 2010 at 11:00 a.m. Bidding will be opened at the highest overbid by the first party submitting such an overbid and will continue in increments of $5,000 until no further bids remain. Good faith deposits by unsuccessful bidders will be returned at the conclusion of the bidding. To the extent that a higher and better offer is obtained and accepted, the Trustee will seek approval to the highest and best offeror.

6 The estate has employed MickMcLaughlin and REMAX/ACCORD as the real estate broker, and with respect to any confirmed bid has agreed to pay a commission equal to six percent (6%) of the purchase price, shared equally with the Buyers' broker. In the present offer from the Vujovichs, one of the buyers is a real estate broker, and will use the 3% commission as a

1. credit towards the bid.

2. 3. The title report for the real property, a copy of which is attached as Exhibit "B" to the Stromsheim Declaration, reflects a deed of trust in favor of Bank of America, recorded April 26, 2005 in the original amount of $975,000. The Trustee does not dispute this lien, and proposes to pay the secured creditor or its successors or assigns, out of escrow upon sale of the Property.

3. 4. The Trustee believes that the sale is in the best interest of the creditors of the estate. The Property has been listed on multiple listing, has been marketed through open houses and by setting the sale up for overbids the Trustee believes that the highest and best price for the Property will be obtained.

4. 5. **Any party in interest who wishes to object to the sale free and clear of its lien or other interest, or to object to the stripping of lien proposed herein, or wishes a hearing on the Trustee's motion, must comply with Bankruptcy Local Rule 9014-1 of the United States Bankruptcy Court for the Northern District of California. Pursuant to Bankruptcy Local Rule 9014-1, an objecting party or party requesting a hearing must file with the Bankruptcy Court and serve counsel for the trustee with a written request for hearing or objection, along with declarations and/or memoranda of law supporting the objection or request for hearing, no later than 21 days from the date of service of this Motion, stated below. In the event an objection or request for hearing is timely made, Trustee's counsel shall obtain a hearing date and provide the objecting party with at least seven (7) days written notice of the hearing, unless the Trustee obtains an order shortening such time.**

5. 6. If no party in interest timely files a request for hearing or an objection to the proposed sale free and clear of liens and interests, the Trustee will submit a declaration regarding no objection, and will seek an order approving the sale.

//
//
//
//
//

WHEREFORE the Trustee requests that upon expiration of the time to file an objection, an order be entered authorizing her to sell the Property and approving the sale to the Buyers, or the highest offeror[s], authorizing the Trustee to sign all documents transferring title to 100% of the Property to the Buyers, authorizing her to pay the broker's commission, and the undisputed liens, closing costs and expenses.

DATED AND SERVED: February 18, 2010

                STROMSHEIM & ASSOCIATES

                By /s/ Reidun Stromsheim
                  Attorneys for
                  LOIS I. BRADY, Trustee

STROMSHEIM & ASSOCIATES Case: 09-48820 Doc# 46 Filed: 02/18/10 Entered: 02/18/10 17:08:41 Page 4 of 4

4